No. 13,538.

Quitman Kohnke vs. John C. McKowen.

APPEAL from the Civil District Court, Parish of Orleans—
*King, J.*

---

*Samuel L. Gilmore,* and *Thomas H. Thorpe,* for Plaintiff, Appellant.

---

*E. A. O'Sullivan,* for Defendant, Appellee.

---

The opinion of the court was delivered by

Blanchard, J. Defendant, a physician, published in the Baton
Rouge Advocate, a newspaper, in its issue of January 17, 1899, an
article or communication over his signature, containing severe strict-
ures and animadversions on the course of action and conduct of the

plaintiff during the visitation in the summer and fall of 1898 of what was generally regarded as yellow fever.

Plaintiff, feeling aggrieved at this publication and holding it to be a libel upon his good name and injurious to his reputation, and alleging malice, brought this action claiming twenty-five thousand dollars damages.

Beginning with September 6, 1898, plaintiff had occupied the position of Chairman of the Board of Health of the City of New Orleans and Health Officer of the City.

Prior to that date he was Chairman of the Health Committee of the City Council.

The gist of the article averred to be libelous is that at different dates in the summer of 1898, beginning July 20th, the plaintiff, as an official, was guilty of acts and conduct tending to suppress the truth in regard to the prevalence of yellow fever in the City of New Orleans; that the truth was so suppressed—plaintiff aiding and abetting therein; and that in consequence a false notion of security and safety in visiting and remaining in the city was engendered, with the result that many people, trusting in the reports of good health conditions prevailing, or to the absence of notice equivalent to warning that they did not exist, were induced to remain in the city, or visit the city, thus becoming subject to and infected with the contagion and conveying it away with them to different parts of the country—all to the detriment of the public health and the sacrifice of many lives.

From these facts defendant, in the published article, made the deduction, that the plaintiff had been guilty of aiding and abetting in those things which constitute the specific charges of the publication.

Defendant admitted the authorship of the article and responsibility for its publication, denied malice, and pleaded justification.

There was judgment in the court below rejecting plaintiff's demand and he prosecutes this appeal.

*Ruling*—The issues involved are those of fact. It is not deemed necessary to make a detailed *resume* of the testimony offered in the trial court, nor to enter upon its discussion.

A careful consideration of the whole case, as made up by the pleadings and evidence, has led to the conclusion that the decree appealed from makes a proper disposition of the same, and, accordingly, that decree is affirmed.

PROVOSTY, J., takes no part.